UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| JEFFREY BISHOP | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO. 1:22-cv-14-GNS |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and AETNA LIFE INSURANCE COMPANY | ) ) ) | |
| | ) | |
| DEFENDANTS | ) | |

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

1. Plaintiff Jeffrey Bishop seeks legal and equitable damages arising from and relating to a long-term disability policy issued and/or administered by the Defendants.

2. The headings in this Complaint are intended to assist the Defendants in reviewing the statements and allegations herein.

3. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

4. The factual allegations found in this Complaint are not exhaustive facts but are provided to give the Defendants notice of the basis of Plaintiff's allegations.

## PARTIES

5. Plaintiff Jeffrey Bishop resides in Greensburg, Green County, Kentucky.

6. Defendant Aetna Life Insurance Company ("Aetna") is an insurance company formed under the laws of the state of Connecticut and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

7. Aetna's service of process agent is CT Corporation System, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

8. Hartford Life and Accident Insurance Company ("The Hartford") is an insurance company formed under the laws of the state of Connecticut and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

9. The Hartford's service of process agent is CT Corporation System, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

10. At all relevant times, the Defendants The Hartford and/or Aetna were a claims administrator and fiduciary of a long-term disability policy issued to the Plaintiff within the meaning of 29 U.S.C. § 1002(21).

## JURISDICTION & VENUE

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e)(1), and 29 U.S.C. § 1132(f).

12. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2).

## FACTS

13. Plaintiff is 59 years old.

14. Plaintiff was an employee of Amerigas Propane Group, and was hired on or about September 13, 2002.

15. Plaintiff last worked as a propane tank delivery driver for Amerigas Propane Group.

16. Plaintiff was supplied and issued a policy for disability insurance through Aetna Life Insurance Company, which insured the employees of Amerigas Propane Group.

17. Upon information and belief, the policy number for the long-term disability ("LTD") policy, which insured the Plaintiff, is believed to be GP-622783.

18. The aforementioned LTD policy contains provisions allowing Plaintiff to be defined as disabled and thus receive LTD benefits, if he meets the following definition as set forth in said policy of insurance:

    From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
    • You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
    • Your earnings are 80% or less of your adjusted pre-disability earnings.

    After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

19. Plaintiff became disabled and was unable to return to work on or about January 23, 2012.

20. Plaintiff applied for short-term disability (STD) benefits through Aetna and was provided STD benefits until the maximum benefit period under his plan.

21. Plaintiff applied for SSDI benefits with the Social Security Administration (SSA), and the SSA determined Plaintiff was disabled from any occupation as of February 2013. Plaintiff continues to receive his SSDI benefits.

22. Plaintiff applied for LTD benefits through Aetna, and in a letter dated May 16, 2012, was informed that Plaintiff was disabled from his own occupation pursuant to the terms of his disability policy.

23. Plaintiff continued to receive disability benefits under the any reasonable occupation definition of disability under his policy.

24. The Hartford acquired Aetna and begun administering Plaintiff's LTD claim.

25. In a letter from The Hartford dated April 9, 2020, The Hartford requested documentation that Plaintiff continued to be totally disabled.

26. In a letter dated August 11, 2020, The Hartford terminated Plaintiff's benefits.

27. In a letter dated September 24, 2020, The Hartford reinstated Plaintiff's LTD benefits, which requires Plaintiff to be unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

28. In a letter dated January 28, 2021, The Hartford informed the Plaintiff that his LTD benefits would be terminated effective January 28, 2021.

29. In a letter dated July 27, 2021, Plaintiff appealed Defendants' denial of Plaintiff's LTD benefits.

30. In a letter dated July 29, 2021, Defendants acknowledged receipt of Plaintiff's appeal dated July 27, 2021.  Defendants stated they will "have a decision on your client's appeal no later than 09/10/2021."

31. In a letter from the Defendants dated September 3, 2021 (38 days after the appeal was filed), Defendants provided the Plaintiff until 09/23/2021 to respond to a peer review report by Dr. Kohan.

32. In a letter dated September 7, 2021, Plaintiff provided a response and the tolling period was to end.

33. In a letter from the Defendants dated September 22, 2021 (now 56 days after the appeal was filed excluding tolling periods), Defendants provided a peer review report from Dr. Guzzo and informed the Plaintiff he had until 10/12/21 to respond.

34. In a letter from the Defendants dated September 28, 2021, Defendants provided a peer review report from Dr. Perdik and informed the Plaintiff he had until 10/28/21 to respond.

35. In a letter dated October 1, 2021, Plaintiff provided a response and the tolling period was to end.

36. In a letter from the Defendants dated October 14, 2021 (now 68 days after the appeal was filed excluding tolling periods), Defendants informed Plaintiff that they were tolling their decision until December 17, 2021, until receipt of Plaintiff's pulmonary function testing and 6-minute walk test.

37. In a letter dated December 16, 2021, Plaintiff provided a response and the documentation requested.

38. In a letter from the Defendants dated January 21, 2022, (now 103 days after the appeal was filed excluding tolling periods) the Defendants provided supplemental peer reviews and allowed Plaintiff the opportunity to respond.

39. In a letter dated February 9, 2022, Plaintiff responded.

40. In a letter from the Defendants dated February 11, 2022, Defendants upheld their decision to deny Plaintiff's benefits beyond January 27, 2021.  Said letter noted The Hartford is the administrator for certain group benefits written by Aetna Life Insurance Company and Talcott Resolution Life Insurance Company (formerly known as Hartford Life Insurance Company).

41. Defendants did not issue a decision within 90-days of receipt of Plaintiff's appeal, as set forth under 29 CFR § 2560.503-1.  Instead, on February 11, 2022, 105 days after Plaintiff's appeal was received by Defendants (not counting any "tolling" periods) Defendants issued a letter stating an adverse benefit decision is warranted.

42. Pursuant to 29 CFR §§ 2560.503-1(l)(2)(i): "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available

under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, **the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary**." (emphasis added)

43. In a letter dated February 11, 2022, Defendants upheld their decision to deny Plaintiff's benefits beyond 01/27/21, and asserted this was a "final decision no other action will be taken by us," and "you can file a lawsuit under section 502(a) of a law called ERISA."

44. Plaintiff supplied Defendants with overwhelming medical records and reports documenting and supporting the fact that Plaintiff is disabled per the terms of his LTD policy, and satisfies the definitions of disability contained in his policy of insurance.

45. Plaintiff has met and continues to meet the requirements for benefits under his disability policy.

46. The administrative record and the SSA decision fully support that Plaintiff is disabled, pursuant to the terms of his LTD policy.

47. Defendants have an inherent conflict of interest as they not only are the payors of Plaintiff's benefits, but also the deciders of entitlement to Plaintiff's LTD benefits.

48. Plaintiff's complaint is timely and is not otherwise time barred.

## CLAIMS

### COUNT I: BREACH OF CONTRACT

49. The aforementioned LTD policy is a contract for insurance between Plaintiff and Defendants.

50. Contrary to the terms of Plaintiff's disability policy, Defendants decided to deny Plaintiff's LTD benefits beyond January 27, 2021, and this constitutes a breach of contract.

51. Defendants failure to pay further LTD benefits is a violation of the terms of the policy.

52. Defendants have wrongfully, and in contrast to the overwhelming evidence contained within the administrative files, denied further payment of Plaintiff's LTD benefits that they owe to Plaintiff pursuant to the terms of the applicable policy of insurance.

53. As a result of the Defendants' breaches, Plaintiff has been damaged, and Plaintiff seeks not only past due benefits, but also his attorney's fees, costs, interest and other relief.

54. Pursuant to 29 U.S.C. §1132(a), Plaintiff is permitted to enforce the contractual terms of his insurance policies with the Defendants, recovering past due benefits, reinstatement of disability benefits, allowance of attorney's fees and costs, and other legal and equitable relief.

## COUNT II: VIOLATIONS OF ERISA

55. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover his LTD policy benefits which were denied by the Defendants, including pre-judgment and post-judgment interest.

56. As a result of the Defendants' conduct, Plaintiff has incurred attorney's fees and costs.

57. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks his attorney's fees and costs expended herein.

58. Defendants' decisions to deny Plaintiff's LTD benefits is arbitrary and capricious and against the greater weight of the evidence that was tendered to Defendants.

59. Defendants' failures to adhere to the guidelines of 29 CFR § 2560.503-1 warrant a *de novo* review of the Defendants' denial.

60. Based on the administrative record, Defendants' decisions to deny further benefits to Plaintiff under his LTD policy was error and should be overturned.

61. Defendants should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's LTD policy.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff Jeffrey Bishop demands the following relief:

A.     Judgment against the Defendants, Aetna Life Insurance Company and Hartford Life and Accident Insurance Company, on all claims asserted herein including for full contractual benefits;

B.     That the Court award pre-judgment and post-judgment interest;

C.     That the Court award reasonable attorney's fees;

D.     That the Court award court costs;

E.     Any and all legal or equitable relief Plaintiff may be entitled to; and

F.     Plaintiff requests leave to amend his Complaint, if needed.

Respectfully Submitted:

s/ Timothy E. Geertz
TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone: 859-299-2929
Facsimile: 859-201-1141
Email: tim@geertzlaw.com
*Attorney for Plaintiff Jeffrey Bishop*

Dated: February 15, 2022